```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-337 (Naon) |

O R D E R

Plaintiffs Linda and Jeff Naon allege that they suffered injuries that were proximately caused by defects in Defendant Mentor Worldwide LLC's suburethral sling product, ObTape Transobturator Tape. The Naons also assert that they suffered injuries because Mentor did not adequately warn Mrs. Naon's physicians about the risks associated with ObTape. Mentor seeks summary judgment because the Naons did not disclose a specific causation expert to opine that the Naons' injuries were caused by defects in ObTape or a failure to warn. *See* Lewis Decl. ¶ 2, ECF No. 41-3 in 4:13-cv-337 ("Plaintiffs did not produce a case-specific expert report in this case.").

Once Mentor showed that the Naons could not produce admissible evidence to establish specific causation, the Naons had the burden to point to some evidence to create a genuine fact dispute on specific causation. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular

parts of materials in the record[.]"). The Naons did not respond to Mentor's summary judgment motion. Thus, they did not point to any evidence to establish specific causation. Without such evidence, all of the Naons' claims fail. *See Braaten v. Saberhagen Holdings*, 198 P.3d 493, 503 (2008) ("[U]nder traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product." (alteration in original) (quoting *Lockwood v. AC & S, Inc.*, 744 P.2d 605, 612 (1987)); *Goeb v. Tharaldson*, 615 N.W.2d 800, 816–17 (Minn. 2000) (affirming summary judgment in favor of an insecticide manufacturer on the plaintiffs' personal injury claims because the plaintiffs did not present admissible evidence to establish that the insecticide caused the plaintiffs' injuries).[1] Mentor's summary judgment motion (ECF No. 41 in 4:13-cv-337) is therefore granted.

IT IS SO ORDERED, this 2nd day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Naons are Washington residents and Mrs. Naon's ObTape-related treatment occurred in Washington. The Naons filed their Complaint in the U.S. District Court for the District of Minnesota. Regardless of whether Minnesota law or Washington law applies, the Naons must establish causation to prevail on their claims.